IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2003

## LEONARD EDWARD BAUGH, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-C-1934     Steve R. Dozier, Judge**

_____

**No. M2002-02425-CCA-R3-PC - Filed June 27, 2003**

_____

A Davidson County jury found the Petitioner, Leonard E. Baugh, Jr., guilty of one count of especially aggravated robbery, five counts of especially aggravated kidnapping, one count of aggravated burglary, and one count of unlawful possession of a weapon by a felon. The trial court imposed an effective sentence of thirty years. The convictions and sentences were affirmed on direct appeal. See State v. Leonard Edward Baugh, Jr., M2000-00477-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 415, (Tenn. Crim. App., Nashville, June 1, 2001). The Petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel. Following an evidentiary hearing, the post-conviction court dismissed the petition. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

David M. Hopkins, Nashville, Tennessee, for the appellant, Leonard Edward Baugh, Jr.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Derrick L. Scretchen, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts**

At the post-conviction hearing, the Petitioner's brother, Deron Robinson, testified that he was prepared to be an alibi witness for the Petitioner and acknowledged that although he was present at trial, no one called on him to testify. Robinson stated that the Petitioner and the Petitioner's wife were with him at his grandmother's house on the night of the crimes for which the Petitioner was convicted. The Petitioner's wife, Takela Ramoan Marsh Baugh, testified that she was present at the

Petitioner's trial and was prepared to be an alibi witness for the Petitioner. Baugh stated that a lawyer subpoenaed her, but never called her to the stand to testify. Baugh testified that she, Robinson, and the Petitioner were all at Robinson's home on the night of the crimes. Baugh stated that she did not know the location of Robinson's grandmother's house and, despite the conflict with Robinson's testimony, she reiterated that she was sure they were all at Robinson's house on the night in question.

The Petitioner testified that his appointed trial counsel did not meet with him at all before trial, except immediately prior to trial at the courthouse. The Petitioner also claimed that counsel did not deliver discovery materials or evidence to the Petitioner despite the Petitioner's repeated requests. The Petitioner admitted that counsel informed him of a plea bargain offer from the State, but the Petitioner testified that counsel did not advise him on whether or not to accept the offer. The Petitioner speculated that he would have accepted the plea bargain if counsel had provided him with the discovery materials before the trial, but also admitted that he was convicted based on the victim's testimony, of which the Petitioner was aware before trial. The Petitioner testified that he gave counsel the names of his brother and wife as alibi witnesses, but that counsel did not call any witnesses on the Petitioner's behalf. The Petitioner conceded that he did not ask counsel about calling the witnesses during or after the trial.

The Petitioner's trial counsel testified that he discussed the Petitioner's case with him several times and had meetings with the Petitioner's co-defendants and their lawyers as well. Counsel stated that he did discuss the plea bargain offer with Petitioner and helped him weigh the pros and cons of accepting the offer, including the possible results of a jury trial. Counsel described the defense's strategy at trial as an attack on the inconsistent statements of the State's witnesses. Counsel explained that he did not think that the testimony of the alibi witnesses was going to be "that strong." Counsel testified that the Petitioner made the ultimate decision not to call the alibi witnesses and endorsed the defense strategy of impeaching the State's witnesses.

## II. Analysis

The Petitioner argues that he received ineffective assistance of counsel because (1) trial counsel did not consult with the Petitioner concerning the facts of his case or advise the Petitioner about whether or not to accept a plea bargain offer from the State, and (2) trial counsel did not present alibi witnesses or any evidence in the Petitioner's defense at trial.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-203. The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Id. § 40-30-210(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo

review by this Court, with no presumption of correctness. Id. at 457. The Tennessee Supreme Court has held that the issue of ineffective assistance of counsel is a mixed question of law and fact and, as such, is subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution. Id.; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461. In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result. Id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn.1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). Trial counsel's failure to present known and available material witnesses at trial may be grounds for post-conviction relief only when the witnesses testify at the post-conviction evidentiary hearing and the testimony's absence from trial "resulted in the denial of critical evidence which inured to the prejudice of the petitioner." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

Regarding the Petitioner's claim that his trial counsel was ineffective because he failed to adequately consult with the Petitioner concerning the case, and failed to properly advise the Petitioner concerning a plea bargain offer, the post-conviction court found that the Petitioner presented no credible proof to establish that counsel's assistance was ineffective. The post-conviction court found no credible proof to support the Petitioner's claim that counsel's alleged deficiency prejudiced the Petitioner in preparation for trial. The post conviction court also found that the Petitioner was well advised by counsel regarding the plea bargain offer and the State's evidence against him. Counsel testified that he advised the Petitioner of the case against him and the possible

results of a jury trial. Counsel also stated that he met with the Petitioner several times to discuss the case. The post-conviction court credited counsel's testimony over the Petitioner's. In our view, the record supports the post-conviction court's findings that the Petitioner did not present clear and convincing evidence to support his claim that counsel provided ineffective representation.

Regarding the Petitioner's claim that his trial counsel was ineffective because he failed to present alibi witnesses or any evidence in the Petitioner's defense at trial, the post-conviction court found that the absence of the witnesses' testimonies from the trial was not prejudicial to the Petitioner. Counsel testified that the ultimate decision not to pursue a defense strategy involving the alibi witnesses was made by the Petitioner. The alibi testimony offered by the witnesses at the post-conviction hearing was inconsistent. We conclude that the record supports the post-conviction court's determination that the failure to present these witnesses at trial was not prejudicial to the Petitioner.

We conclude that the post-conviction court properly found that counsel was not deficient in his performance. Accordingly the judgment of the post-conviction court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE